CAROLYN E. SIEVE (SBN 182763)
csieve@constangy.com
MATTHEW D. GURNICK (SBN 309976)
mgurnick@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
600 Anton Boulevard, 11th Floor
Costa Mesa, California 92626
Telephone:  (949) 743-3979
Facsimile:   (949) 743-3934

Attorneys for Defendant
UNIVERSAL CITY STUDIOS LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRISTIN GORRELL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSAL CITY STUDIOS, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.<br><br>[Removal from Superior Court of California, County of Los Angeles, Case No. 20STCV16434]<br><br>**DEFENDANT UNIVERSAL CITY STUDIOS LLC'S NOTICE OF REMOVAL**<br><br>(Diversity Jurisdiction: 28 U.S.C. §§ 1332, 1441, and 1446)<br><br>*[Concurrently filed with Request for Judicial Notice, Declarations Gabriela Kornzweig and Ted Ragsac, Certificate of Interested Parties and Corporate Disclosure Statement Pursuant to FRCP 7.1 and Local Rule 7.1-1, and Civil Cover Sheet]* |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF TRISTIN GORRELL AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Universal City Studios LLC ("Defendant") hereby removes this action from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California. This Court has original jurisdiction over this action under 28 U.S.C. Section 1332 because complete diversity of citizenship exists and the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, this action is removable under 28 U.S.C. Sections 1441, and 1446. The following is a short and plain statement of the grounds for removal pursuant to 28 U.S.C. Section 1446(a).

**THE ACTION**

1.   On or about April 30, 2020, Plaintiff Tristin Gorrell ("Plaintiff") commenced an action against Defendant by filing a Complaint in the Superior Court of the State of California, County of Los Angeles, entitled *Tristin Gorrell v. Universal Studios, LLC et al.,* Case No. 20STCV16434 (the "State Court Action"). In her Complaint, Plaintiff asserts causes of action for: (1) disability discrimination in violation of Government Code §12940 *et seq.* (FEHA); (2) failure to prevent discrimination and harassment in violation of FEHA; (3) failure to accommodate in violation of FEHA; (4) failure to engage in the interactive process in violation of FEHA; (5) retaliation in violation of FEHA; and (6) wrongful termination in violation of public policy.

2.   <u>Copies of All Process, Pleadings and Orders</u>: Pursuant to 28 U.S.C. Section 1446(a), copies of all process, pleadings, orders and other papers or exhibits available to Defendants are attached here, as follows:

- <u>Exhibit 1</u>: Summons filed by Plaintiff on April 30, 2020, which was served personally on Defendant on May 6, 2020.

- <u>Exhibit 2</u>: Complaint filed by Plaintiff on April 30, 2020, which was served personally on Defendant on May 6, 2020.

2
NOTICE OF REMOVAL

- Exhibit 3: Civil Case Court Sheet and Addendum filed on April 29, 2020, which was served personally on Defendant on May 6, 2020.

- Exhibit 4: Notice of Case Assignment Unlimited Civil Case filed on April 29, 2020, which was served personally on Defendant on May 6, 2020.

- Exhibit 5: All other documents personally served on Defendant on May 6, 2020, as follows (a) Instructions for Handling Unlimited Civil Cases; (b) First Amended General Order Re Mandatory Electronic Filing for Civil; (c) Voluntary Efficient Litigation Stipulations; and (d) Alternative Dispute Resolution (ADR) Information Package.

- Exhibit 6: Notice of Case Management Conference filed on May 5, 2020.

- Exhibit 7: Proof of Service filed on May 15, 2020.

- Exhibit 8: Answer filed by Defendant on June 3, 2020.

- Exhibit 9: Peremptory Challenge pursuant to California Code of Civil Procedure §170.6 filed by Defendant on June 4, 2020.

3. No other process, pleadings, or papers have been filed in the State Court Action and no further proceedings have been had.

4. Defendants "DOES 1 through 50, inclusive" have not been identified, nor is there any record of their having been served with the Summons or Complaint in the State Court Action.

## TIMELINESS OF REMOVAL

5. A defendant in a civil action has thirty days from the date it is validly served with a complaint to remove the action to federal court. 28 U.S.C. § 1446(b)(1). Defendant was personally served with the original Complaint on May 6, 2020 and has up to and until June 5, 2020, to remove the State Court Action. Consequently, this Notice of Removal is timely filed as required by 28 U.S.C. §1446(b).

6. The consent of fictitious "Doe" defendants is not required because they have not yet been served. 28 U.S.C. § 1446(b)(2)(A) (requiring only the consent of all defendants that have been "properly joined and served").

**DIVERSITY JURISDICTION**

7.      Basis of Original Jurisdiction.  This Court has original jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332 and Defendants are entitled to remove the State Court Action to this Court under 28 U.S.C. Section 1441(a) because complete diversity exists between Plaintiff and Defendant and the amount in controversy exceeds $75,000, exclusive of interests and costs.

8.      Citizenship of Plaintiff. In the Ninth Circuit, the determination of an individual's citizenship involves a number of factors, including the individual's "current residence" and "place of employment." *Lew v. Moss*, 797 F. 2d 747, 750 (9th Cir. 1986); *Martinez v. Michaels*, No. CV 15-02104 MMM, 2015 WL 4337059, at *4 (C.D. Cal. July 15, 2015) (citizenship requirement satisfied where plaintiff "currently live[d] in California and worked for [defendant] in California from 2006 until his termination"); *Christ v. Staples, Inc.*, No. CV 14-07784 MMM, 2015 WL 248075, at *3-4 (C.D. Cal. Jan. 20, 2015) (citizenship requirement satisfied where, *inter alia*, plaintiff "lived and worked in California for approximately fifteen years"); *Carmax Auto Superstores Cal. LLC v. Hernandez*, 94 F.Supp.3d 1078, 1091 n.38 (C.D. Cal. 2015) ("Allegations that a party has an extensive and continuous period of residence and employment in a state are sufficient to establish that the party is a citizen of the state."). According to the Complaint, Plaintiff "was and is a resident of the State of California, County of Los Angeles County." (*See* Compl., Ex. 2, ¶ 1.) Furthermore, Plaintiff was an employee of Defendant and worked at Defendant's Universal City, California location. (Declaration of Ted Ragsac ("Ragsac Decl."), ¶ 5.) The most recent address in Plaintiff's employment file with Defendant is in Sunland, California. (*Id.* ¶ 7.) Based on Plaintiff's stated residence and her employment at Defendant's Southern California location, Plaintiff is a citizen of California. Moreover, Plaintiff filed her Complaint in the Superior Court of the State of California in Los Angeles County, further availing herself of California's judicial resources and indicating her intent to remain in California. (*See generally*, Compl., Ex. 2.)

9.     Defendant's Citizenship. Limited liability companies, like partnerships, are citizens of the states of which their members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (2006). Consequently, "the state of organization and the principal place of business of a limited liability company is irrelevant to determine citizenship." *Harstein v. Rembrandt IP Solutions, LLC*, Case No. 12-CV-02270, 2012 U.S. Dist. LEXIS 66488, at *3 (N.D. Cal. May 11, 2012); *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 n.1 (2005) ("[O]ur prior decisions do not regard as relevant to subject-matter jurisdiction the locations at which partnerships conduct business."). For purposes of removal, diversity of citizenship is determined at the time the action is filed and at the time of removal. *See Strotek Corp. v. Air Transport Ass'n of America,* 300 F.3d 1129, 1131-32 (9th Cir. 2002). Defendant Universal City Studios LLC was at the time of the filing of this action, and is now, a limited liability company organized under the laws of the State of Delaware. (*See* Declaration of Gabriela Kornzweig ("Kornzweig Decl."), ¶ 3.) Defendant's sole member at the time of filing was, and is now, VUE NewCo LLC. (*Id.*)

a.     VUE NewCo LLC is a limited liability company organized under the laws of the state of Delaware. (*Id.* ¶ 4.) The members of VUE NewCo LLC at the time of filing were, and are now: (1) USI Entertainment LLC, and (2) Universal Studios Company LLC. (*Id.*)

b.     USI Entertainment LLC is a limited liability company organized under the laws of the state of Delaware. (*Id.* ¶ 5.) The sole member of USI Entertainment LLC at the time of filing was, and is now, Universal Studios Company LLC. (*Id.*)

c.     Universal Studios Company LLC is a limited liability company organized under the laws of the state of Delaware. (*Id.* ¶ 6.) The sole member of Universal Studios Company LLC at the time of filing was, and is now, NBCU Acquisition Sub LLC. (*Id.*)

d.     NBCU Acquisition Sub LLC is a limited liability company organized under the laws of the state of Delaware. (*Id.* ¶ 7.) The sole member of NBCU

5

Acquisition Sub LLC at the time of filing was, and is now, NBCUniversal Media, LLC. (*Id.*)

e.    NBCUniversal Media, LLC is a limited liability company organized under the laws of the state of Delaware. (*Id.* ¶ 8.) The sole member of NBCUniversal Media, LLC at the time of filing was, and is now, NBCUniversal, LLC. (*Id.*)

f.    NBCUniversal, LLC is a limited liability company organized under the laws of state of Delaware. (*Id.* ¶ 9.) The members of NBCUniversal, LLC at the time of filing were, and are now: (1) Comcast Navy Acquisition, LLC, a limited liability company organized under the laws of the state of Delaware; (2) Comcast Navy Contribution, LLC, a limited liability company organized under the laws of the state of Delaware; (3) NBCUniversal Enterprise, Inc., a Delaware corporation with its principal place of business in Philadelphia, Pennsylvania; (4) SNL Entertainment Holdings, Inc., a Delaware corporation with its principal place of business in Philadelphia, Pennsylvania; (5) Comcast CCW Holdings, LLC, a limited liability company organized under the laws of the state of Delaware; (6) Comcast DW Holding, Inc., a Delaware corporation with its principal place of business in Philadelphia, Pennsylvania; and (7) Comcast Snap Holdings II, LLC, a limited liability company organized under the laws of the State of Delaware. (*Id.*)

g.    The sole member of Comcast Navy Acquisition, LLC at the time of filing was, and is now, Comcast Corporation, a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania. (*Id.* ¶ 10.)

h.    The members of Comcast Navy Contribution, LLC at the time of filing were, and are now: (1) Comcast SportsNet New England Holdings, LLC, a limited liability company organized under the laws of the state of Delaware; (2) Comcast SportsNet Philadelphia Holdings, LLC, a limited liability company organized under the laws of the state of Delaware; (3) Versus Holdings, LLC, a limited liability company organized under the laws of the state of Delaware; (4) Comcast CHC, LLC, a limited liability company organized under the laws of the state of Delaware; (5) Comcast

NOTICE OF REMOVAL

Contribution Holdings, LLC, a limited liability company organized under the laws of the state of Delaware; and (6) E! Holdings, Inc., a Delaware corporation, with its principal place of business in Philadelphia, Pennsylvania. (*Id.* ¶ 11.) Comcast Corporation is the operating entity for E! Holdings, Inc. (*Id.*)

i.    The members of Comcast SportsNet New England Holdings, LLC at the time of filing were, and are now: (1) Comcast SportsNet NE Holdings, Inc., a Delaware corporation with its principal place of business in Philadelphia, Pennsylvania; and (2) CSNNE Partner, LLC, a limited liability company organized under the laws of the state of Delaware. (*Id.* ¶ 12.) Comcast Corporation was, at the time of filing, and is now the operating entity for Comcast SportsNet NE Holdings, Inc. (*Id.*)

j.    The sole member of CSNNE Partner, LLC at the time of filing was, and is now, Comcast Holdings Corporation, a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania. (*Id.* ¶ 13.) Comcast Corporation at the time of filing was, and is now, the operating entity for Comcast Holdings Corporation. (*Id.*)

k.    The sole members of Comcast SportsNet Philadelphia Holdings, LLC at the time of filing were, and are now: (1) Comcast Holdings Corporation; and (2) Comcast Spectacor Holding Company, LLC, a limited liability company organized under the laws of the state of Delaware. (*Id.* ¶ 14.)

l.    The sole member of Comcast Spectacor Holding Company, LLC at the time of filing was, and is now, Comcast Holdings Corporation. (*Id.* ¶ 15.)

m.    The members of Versus Holdings, LLC at the time of filing were, and are now: (1) Comcast Holdings Corporation; and (2) E! Holdings, Inc. (*Id.* ¶ 16.)

n.    The sole member of Comcast CHC, LLC at the time of filing was, and is now, Comcast Holdings Corporation. (*Id.* ¶ 17.)

o.    The sole member of Comcast Contribution Holdings, LLC at the time of filing was, and is now, Comcast Corporation. (*Id.* ¶ 18.)

p.    Comcast Navy Holdings, LLC, a limited liability company

organized under the laws of the state of Delaware, is the operating entity for NBCUniversal Enterprise, Inc. (*Id.* ¶ 19.) Comcast Corporation is the operating entity for Comcast Navy Holdings, LLC. (*Id.*)

q.   Comcast Corporation is the operating entity for SNL Entertainment Holdings, Inc. (*Id.* ¶ 20.)

r.   The members of Comcast CCW Holdings, LLC at the time of filing were, and are now, (1) Comcast Navy Acquisition, LLC and (2) Comcast Snap Holdings, Inc., a Delaware corporation with its principal place of business in Philadelphia, Pennsylvania. (*Id.* ¶ 21.)

s.   Comcast Corporation is the operating entity for Comcast DW Holdings, Inc. and Comcast Snap Holdings, Inc. (*Id.* ¶ 22.)

t.   The members of Comcast Snap Holdings II, LLC at the time of filing were, and are now, (1) Comcast Navy Acquisition, LLC and (2) Comcast Snap Holdings, Inc. (*Id.* ¶ 23.)

u.   Thus, as indicated in detail above, for purposes of determining diversity, Defendant, whose members are organized under the laws of Delaware or Pennsylvania, is regarded as a citizen of Delaware and Pennsylvania. (*Id.* ¶ 24.)

10.   Citizenship of "Doe Defendants." The defendants Plaintiff designates as Does 1 through 50 in the Complaint are fictitious defendants and are not parties to this action. The citizenship of unknown and fictitiously-named "Doe" defendants is disregarded for the purposes of removal. *See* § 1441(a); *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (holding that district court properly disregarded the presence of unidentified "Doe" defendants when evaluating diversity jurisdiction); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

11.   Amount in Controversy. The amount in controversy must exceed $75,000 for the Court to have diversity jurisdiction under 28 U.S.C. Section 1332. When measuring the amount in controversy, courts "must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims

8
NOTICE OF REMOVAL

made in the complaint." *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp.2d 993, 1001 (C.D. Cal. 2002). Courts must consider all relief, including damages for emotional distress, punitive damages, and attorneys' fees authorized by statute or contract, a court may grant on the complaint if the plaintiff is victorious. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018) (amount in controversy for federal diversity jurisdiction not limited to damages incurred prior to removal but determined by complaint operative at time of removal and encompassing all relief court may grant on that complaint if plaintiff is victorious); *see also Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

12.    The standard for determining whether Defendants meet their burden of establishing the amount in controversy is the preponderance of the evidence. *See Cagle v. C&S Wholesale Grocers, Inc.,* 2014 WL 651923, at *5 (E.D. Cal. Feb. 19, 2014). Under this standard, "the removing party's burden is 'not daunting,' and defendants are not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Behrazfar v. Unisys Corp.*, 687 F. Supp.2d 999, 1004 (C.D. Cal. 2009) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp.2d 1199, 1204-05 (E.D. Cal. 2008)). When a "[d]efendant's calculations [are] relatively conservative, made in good faith, and based on evidence wherever possible," the court may find that the "[d]efendant has established by a preponderance of the evidence that the amount in controversy" is met. *Id.* (internal citations omitted). Defendants' notice of removal only needs to include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

13.    Without admitting the validity of Plaintiff's six (6) causes of action, all of which Defendant expressly denies, the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id.* ("[A]s specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount in controversy is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's

allegation.").

14.     Defendant employed Plaintiff for approximately six (6) years. (*See* Ragsac Decl. ¶ 5.) Plaintiff alleges that as a result of Defendant's conduct, she "has suffered actual, consequential and incidental financial losses, including without limitation loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation." (Compl., Ex. 2, ¶¶ 25, 36, 46, 58, 67, 76, 83.)  Plaintiff also prays for "general damages," "special damages," and "loss of earnings." (*Id.* at 17.) At the time Defendant terminated Plaintiff's employment, she earned an hourly rate of $26.432. (Ragsac Decl. ¶ 6.) Based on data from "U.S. District Court — Judicial Caseload Profile," the median time interval from filing to trial in a civil matter pending in the Central District of California is 22.3 months. (*See* Request for Judicial Notice, ¶ 1.) Thus, by the time this case is resolved at trial, likely no earlier than April 2022 (22 months from the date of this removal, and approximately 25 months since Defendant terminated Plaintiff's employment), Plaintiff's unmitigated lost wages could amount to approximately $105,728 ($26.432 times 40 hours times four weeks times 25 months).

15.     Plaintiff further alleges that she suffered and continues to suffer "emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms." (*See* Compl., Ex. 2, ¶ 26, 37, 47, 59, 68, 77, 84.) While she does not state a specific amount of damages for emotional distress, "the vagueness of [P]laintiff's pleadings with regard to emotional distress should not preclude the court from noting these damages are potentially substantial." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (plaintiff's failure to make explicit demands did not prevent satisfaction of amount in controversy). Indeed, district courts for the Central District of California have recognized that for purposes of establishing the amount in controversy, a "defendant need not conduct discovery to ascertain a plaintiff's potential emotional distress damages; it can instead introduce evidence of jury verdicts in other cases." *Ponce v. Med. Eyeglass Ctr., Inc.*, 2015 WL 4554336, at *4 (C.D. Cal. July 27,

NOTICE OF REMOVAL

2015). In cases such as the present matter, emotional distress damages can be substantial. *See e.g., Gomez v. Magco Drilling, Inc.*, 2015 WL 5917833 (Cal. Super. Sept. 24, 2015) (jury awarded plaintiff $45,000 for pain and suffering for disability discrimination and failure to accommodate); *Ko v. The Square Grp. L.L.C. D/B/A The Square Supermarket*, JVR No. 1503030036, 2014 WL 8108413 (Cal. Super. June 16, 2014) (awarding $125,000 in emotional distress damages where the defendant terminated the plaintiff after she missed work due to a kidney infection); *Kolas v. Access Business Group LLC*, 2008 WL 496470 (Sup. Ct. Cal. Jan. 14, 2008) (disability discrimination case resulting in $200,000 non-economic damages award); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *as amended on denial of reh'g and reh'g en banc* (Feb. 13, 2006) (finding no clear error in district court's conclusion that emotional distress damages in FEHA action "would add at least an additional $25,000 to [plaintiff's] claim.")

16. Plaintiff also seeks attorneys' fees pursuant to section 12965(b) of the California Government Code. (*Id. ¶¶* 38, 48, 60, 69, 78, 85; p. 17.) Accordingly, attorneys' fees may be considered when determining the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("where an underlying statute authorizes as award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N. D. Cal. 2002) (same). This Court has determined that "an appropriate and conservative estimate for attorneys' fees in employment cases in this district may reasonable be expected to equal at least $30,000." *Guytan v. Swift Transp. Co. of Arizona, LLC*, No. 17-cv-00626-VAP (DTBx), 2017 WL 2380159, at *3 (C.D. Cal. June 1, 2017) (*citing Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB AJWX, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015); *see also Ponce*, 2015 WL 4554336, at *4 (estimating $30,000 of attorneys' fees in an employment case); *Aguilar v. Wells Fargo Bank, N.A.*, No. ED-CV-15-01833-AB (SPx), 2015 WL 6755199, at *7 (C.D. Cal. Nov. 4, 2015) (same).

NOTICE OF REMOVAL

17.     Plaintiff also seeks an award of punitive damages (*id.* ¶¶ 39, 40, 49, 61, 62, 70, 71, 79; p. 17), which in combination with the other alleged damages she seeks, satisfies the amount in controversy requirement. *Kroske*, 432 F.3d at 980 (affirming removal of bank employee lawsuit, even though employee earned less than $75,000 per year, because emotional distress damages in a FEHA claim could reasonably be assumed to add enough to her lost wages to exceed the jurisdictional amount); *see, e.g.*, *Huerta v. Pacsetter, Inc.*, JVR No. 1510060043, 2015 WL 5830070 (Cal. Super. Aug. 20, 2015) (jury awarded $96,626 in punitive damages in disability discrimination case); *Hancock v. Time Warner Cable L.L.C.*, JVR No. 1508120032, 2015 WL 4771468 (Cal. Super. May 22, 2015) (awarding over $2 million in punitive damages); *Ko v. The Square Grp. L.L.C. D/B/A The Square Supermarket*, JVR No. 1503030036, 2014 WL 8108413 (Cal. Super. June 16, 2014) (awarding $500,000 in punitive damages); *White v. FCI USA, Inc.*, 319 F.3d 672, 675-76 (5th Cir. 2003) (holding that plaintiff's wrongful termination claim exceeds $75,000 based on her "lengthy list" of compensatory damages including loss of play, employment benefits, impaired earning capacity, emotional distress, and other remedies); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) (holding that plaintiff's employment discrimination claim exceeds the federal jurisdictional minimum, even though the lost wages at the time of removal were just $26,500, because plaintiff sought emotional distress damages, punitive damages, and attorney's fees under FEHA).

18.     Accordingly, the amount in controversy in this action exceeds the jurisdictional sum or value of $75,000.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

NOTICE OF REMOVAL

## **CONCLUSION**

19.    Complete diversity exists inasmuch as Plaintiff is a citizen of California and Defendant is a citizen of Delaware and Pennsylvania, and the amount in controversy exceeds the jurisdictional minimum of $75,000. Accordingly, this Court has original jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446 and Defendant has properly removed the State Court Action to this Court.

WHEREFORE, Defendant Universal City Studios LLC  prays that the State Court Action be removed from the Superior Court of the State of California for the County of Los Angeles, to the this Court.

Dated:  June 4, 2020                                **PROPHETE LLP**

                                                  By:    /s/ Matthew D. Gurnick
                                                         CAROLYN E. SIEVE
                                                         MATTHEW D. GURNICK
                                                         Attorneys for Defendant
                                                         UNIVERSAL CITY STUDIOS LLC

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 600 Anton Blvd., 11th Floor, Costa Mesa, CA 92626.

On **June 4, 2020** I served a copy of **DEFENDANT UNIVERSAL CITY STUDIOS LLC'S NOTICE OF REMOVAL** on the interested parties in this action by placing a true copy thereof in a sealed envelope(s) addressed as follows:

### ** *SEE ATTACHED SERVICE LIST* **

_**X**_   **(VIA FIRST-CLASS MAIL)**  The envelope was mailed with postage thereon fully prepaid. I am "readily" familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on the same day in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

**X** __  **(VIA ELECTRONIC MAIL)**  I caused a copy of the document(s) to be sent from e-mail address kcostantino@constangy.com to the persons at the e-mail addresses listed on the attached Service List.

_____  **(VIA FEDERAL EXPRESS (OVERNIGHT DELIVERY)**  I enclosed said document(s) in an envelope or package provided by Federal Express**,** and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of Federal Express or delivered such document(s) to a courier or driver authorized by Federal Express to receive documents.

_____  **(VIA MESSENGER DELIVERY)**  I caused to be delivered such document(s) in an envelope to be hand delivered to the person(s) at the address (es) set forth below

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **June 4, 2020** at Costa Mesa, California.



Katie Costantino

NOTICE OF REMOVAL

## SERVICE LIST

| | |
|---|---|
| Joseph M. Lovretovich, Esq.<br>Eric M. Gruzen, Esq.<br>Shahla Jalil-Valles, Esq.<br>**JML LAW**<br>5855 Topanga Canyon Blvd., Suite 300<br>Woodland Hills, CA 91367<br>Telephone: (818) 610-8800<br>Facsimile:  (818) 610-3030<br>Email: jml@jmllaw.com<br>    egruzen@jmllaw.com<br>    shahla@jmllaw.com | *Attorneys for Plaintiff*<br>**TRISTIN GORRELL** |

15
NOTICE OF REMOVAL